IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY GUILLORY and FELISE GUILLORY,<br><br>        Plaintiffs,<br><br>  v.<br><br>WFS FINANCIAL, INC., WESTERN FINANCIAL BANK, NELSON & KENNARD, and ACTION AUTO RECOVERY,<br><br>        Defendants.<br>_____/ | No. C 06-06963 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 9, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' pleadings and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendants' motions to dismiss.

The parties each shall have ten minutes to address the following questions:

1. Has defendant Action Auto Recovery been served? What is the status of Plaintiffs' claims against them?

2. On October 27, 2006, Defendants WFS and Nelson & Kennard filed a deficiency action in Alameda Superior Court against Dorothy Guillory. (Compl. ¶ 32.) The action sought to collect the allegedly delinquent amount due under the contract disputed in the instant action. (*Id.*) What is the status of the Alameda Superior Court action and why is that action not related to the instant action?

3. Plaintiffs assert that "[a] parent corporation may be held liable for the acts of its subsidiaries under alter ego theory, integrated enterprise, agency, indirect or vicarious liability, aiding and abetting, or ratification theories." (Opp. Br. at 3.) What facts are alleged in the complaint or could be alleged upon amendment to support any of these theories of liability?

4. Felise Guillory asserts a cause of action against WFS under 15 U.S.C. § 1692f(6)(A). Section 1692f(6)(A) prohibits debt collectors from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if [] there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). What facts are alleged in the complaint or could be alleged to support an allegation that Felise Guillory had a property interest in the repossessed car? What authority supports the proposition that a plaintiff without a property interest in the dispossessed or disabled property may sue under § 1692f(6)(A)?

5. Are there any other issues that the parties wish to address?

Dated: March 7, 2007

  _____
  JEFFREY S. WHITE
  UNITED STATES DISTRICT JUDGE