**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOROTHY GUILLORY and FELISE GUILLORY,

    Plaintiffs,

v.

WFS FINANCIAL, INC., WESTERN FINANCIAL BANK, NELSON & KENNARD, and ACTION AUTO RECOVERY,

    Defendants.
_____/

No. C 06-06963 JSW

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Now before the Court are two motions to dismiss several causes of action of Plaintiffs Dorothy and Felise Guillory pursuant to Federal Rule of Civil Procedure 12(b)(6). Having carefully reviewed the parties' papers and the relevant legal authority, and having had the benefit of oral argument and good cause appearing, the Court hereby GRANTS the motions.

**BACKGROUND**

This action arises out of a contract dispute between Dorothy Guillory and Defendant WFS Financial Services ("WFS"). According to the complaint, on August 23, 2002, Dorothy Guillory purchased a car for her son and the same day, the loan was assigned to WFS by the automobile dealer. (Compl. ¶¶ 9, 10.) Payments on the loan were initially made to WFS by Dorothy Guillory's son but by November of 2003, Dorothy Guillory assumed the payments and gave the car to her daughter, Felise Guillory, for her use. (*Id.* ¶¶ 10-12.) At this time, Dorothy Guillory noticed that the annual percentage rate on the loan from WFS did not match the rate

that she originally contracted for. (*Id.* ¶ 13.) Dorothy Guillory complained to WFS and filed various consumer complaints. (*Id.* ¶ 17.) On June 25, 2004, William Jenkins, counsel for WFS, offered to resolve the dispute by issuing a new contract under the original terms. (*Id.* ¶ 21.) Although Dorothy Guillory accepted the proposal in a letter, the agreement was never reduced to writing and she claims that it was never finalized. (*Id.* ¶¶ 22-25.) In January of 2005, WFS stopped accepting Dorothy Guillory's payments and on April 10, 2005, Action Auto Recovery repossessed the car from in front of Felise Guillory's home in Playa Del Rey. (*Id.* ¶¶ 27, 28.) Felise Guillory's personal property from inside the car was not immediately returned and when it was, it was allegedly damaged. (*Id.* ¶ 29.) On October 27, 2006, WFS filed a deficiency action in state court against Dorothy Guillory for the amount past due on her loan. (*Id.* ¶ 32.)

On November 7, 2006, Dorothy and Felise Guillory filed the instant action against WFS, Western Financial Bank ("Western"), Nelson & Kennard, and Action Auto Recovery (collectively, "Defendants"). Western is the parent company of WFS; Nelson & Kennard is the law firm that represents WFS and Western in the deficiency action; and Action Auto Recovery is the company that repossessed the car for WFS. (*Id.* ¶¶ 6-8.) Dorothy Guillory is an attorney and represents both herself and her daughter Felise Guillory, in this action. (*Id.* ¶ 4; Guillory Decl. in Support of Opp. to WFS & Western Br. ¶ 1.) Plaintiffs assert that Defendants have violated the Federal Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act ("FDCPA"); and also claim intentional infliction of emotional distress; conversion; trespass to chattel; abuse of process; and violation of the statute of frauds under California Civil Code § 1624. (Compl. ¶¶ 34-66.) Plaintiffs seek damages, injunctive and declaratory relief, and attorneys fees and costs. (*Id.* at 15.)

Defendants WFS, Western, and Nelson & Kennard now move to dismiss portions of the claims in this action, in two separate motions, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

---

[1] After oral argument on the motion, Plaintiffs filed a notice of dismissal of Western pursuant to Federal Rule of Civil Procedure 41(a)(1). Western is dismissed without prejudice.

### A.   Legal Standard for a Rule 12(b)(6) Motion.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A court may dismiss a complaint under Rule 12(b)(6), based on the "lack of a cognizable legal theory" or based upon the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). A court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papsan v. Allain*, 478 U.S. 265, 286 (1986)). As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds*; *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### B.   Felise Guillory May Not Sue Under Section 1692f(6)(A) of the Fair Debt Collection Practices Act.

Plaintiffs allege that WFS violated the Fair Debt Collection Practices Act ("FDCPA") when it repossessed the car from Felise Guillory's home because it had no right to possess the car if the contract was fraudulent. (Compl. ¶¶ 39-42.) WFS moves to dismiss Felise Guillory from the claim because she is not a party to the disputed contract and thus may not sue under § 1692f(6)(A) of the FDCPA. (WFS & Western Br. at 4.)

The FDCPA provides that "any debt collector who fails to comply with any provision of [the FDCPA] *with respect to any person* is liable to such person . . . ." 15 U.S.C. § 1692k (emphasis added). However, "[t]he statute does not define what it means for a failure of

3

compliance to be 'with respect to any person.'" *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 155 Fed. Appx. 10, 11 (2d Cir. 2005). "The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). However, liability has been extended to non-consumers where either the third party is standing in the shoes of the debtor or the third party pleads an injury under the statute. *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 649-50 (6th Cir. 1994); *Walker v. Gallegos*, 2002 U.S. Dist. LEXIS 25682, *7 (D. Az. 2002); *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204, 1204 (N.D. Ga. 1981).

In *Wright*, the court held that an executrix of a debtor's estate could bring a claim under § 1692e of the FDCPA (prohibiting false, deceptive, or misleading representation) because the executrix stood in the shoes of the deceased debtor. 22 F.3d at 650. Similarly, in *Walker*, the son of a deceased debtor was allowed to sue under § 1692f (prohibiting the use of unfair or unconscionable means to collect a debt) because he controlled the deceased debtor's assets and the collection efforts were targeted at him. 2002 U.S. Dist. LEXIS 25682 at *1-2, 7. In *Whatley*, a debt collector made allegedly threatening and harassing phone calls to a debtor's parents. 525 F. Supp. at 1205. The court held that the parents were proper parties to sue under §§ 1692c(b) and 1692d of the FDCPA because the allegedly wrongful conduct amounted to injury to the parents under the statute. *Id.* at 1205-06. Section 1692c(b) prohibits communication with non-consumer third-parties in connection with the collection of a debt and § 1692d prohibits a debt collector from harassing, oppressing or abusing any person in connection with the collection of a debt. 15 U.S.C. §§ 1692c(b), 1692d.

Here, Felise Guillory asserts a claim under § 1692f(6)(A) of the FDCPA, which prohibits a debt collector from "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). The terms of § 1692f(6)(A) do not state whether the section is limited to

4

consumers or available to any person and the Ninth Circuit has not addressed the issue.

Felise Guillory is not the debtor, she was not accused of being the debtor, and she was not standing in the shoes of the debtor. Nor does Felise Guillory allege any connection to or communication with the debt or the debt collector except that she was in possession of the car at time of repossession. Throughout the entire dispute, Dorothy Guillory made payments to WFS and communicated with WFS regarding the disputed debt. (*See* Compl. ¶¶ 10-25.) In addition, Felise Guillory has not asserted an injury under § 1692f(6)(A) because she did not have a property interest in the allegedly wrongfully repossessed property. *See Nadalin v. Auto. Recovery Bureau, Inc.*, 169 F.3d 1084, 1085 (7th Cir. 1999) (applying § 1692f(6)(A) where the plaintiff's property was repossessed and explaining that § 1692f(6)(A) was intended to protect *debtors* from wrongful repossession of *their* property); *see also Clark v. Auto Recovery Bureau*, Inc., 889 F. Supp. 543, 545 (D. Conn. 1994) (applying § 1692f(6)(A) plaintiff's property was repossessed); *Larranaga v. Mile High Collection & Recovery*, 807 F. Supp. 111, 112 (D.N.M. 1992) (applying § 1692f(6)(A) where plaintiff's property was repossessed).

Although Plaintiffs rely on *Whatley v. Universal Collection Bureau Inc.* for the proposition that Felise Guillory may sue under § 1692f(6)(A), the case is distinguishable. First, in *Whatley*, §§ 1692c(b) and 1692d were at issue and not § 1692f(6)(A). 525 F. Supp. at 1205. Section 1692c(b) prohibits communication *to third parties* and § 1692d prohibits harassment of *any person*. 15 U.S.C. §§ 1692c(b), 1692d. To the contrary, § 1692f(6)(A) does not explicitly prohibit an action against a third party. Moreover, § 1692f(6)(A) prohibits wrongful repossession of the plaintiff's property, not that of third parties. 15 U.S.C. 1692f(6)(A). *See Nadalin*, 169 F.3d at 1085; *Larranaga*, 807 F. Supp. at 112.

Accepting all of the facts in the complaint as true, Felise Guillory has not stated a claim under § 1692f(6)(A) because she is not the debtor, she was not standing in the shoes of the debtor, and without a property interest in the car, she has not asserted an injury under § 1692f(6)(A). As such, WFS's motion is GRANTED without leave to amend.

5

**C.	Plaintiffs Have Not Stated a Claim for Intentional Infliction of Emotional Distress.**

Plaintiffs assert claims for intentional infliction of emotional distress against WFS and Nelson & Kennard. (Compl. ¶¶ 43-46.) The elements of a claim for intentional infliction of emotional distress are: (1) outrageous conduct by the defendant with the intention to cause or reckless disregard of the probability of causing emotional distress; (2) severe emotional suffering; and (3) actual and proximate causation of the emotional distress. *Cochran v. Cochran*, 64 Cal. App. 4th 488, 494 (1998). "[T]he tort does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities." *Id.* at 496. Liability has only been found for intentional infliction of emotional distress where "the conduct has been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.* (citing Restatement 2d Torts § 46, cmt. d). "While the outrageousness of a defendant's conduct normally presents an issue of fact to be determined by the trier of fact, the court may determine in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878, 883 (1989) (finding conduct not "outrageous" as a matter of law where an employer changed the plaintiff's severance package and assigned her menial tasks).

A debt collector's actions may rise to the level of outrageous conduct if they go beyond simply being rude and insolent especially if the debtor is known to be mentally or physically vulnerable. *Bundren v. Superior Court of Ventura County*, 145 Cal. App. 3d 784, 790 (1983); *Bowden v. Spiegel*, 96 Cal. App. 2d 793, 794 (1950). However, debt collection is "by its very nature" emotionally distressful and creditors must "be allowed a certain degree of freedom in demanding payment." *Bundren*, 145 Cal. App. 3d at 789. In *Bundren*, a debt collector called a debtor immediately after she underwent surgery, demanded payment for the surgery and implied that the debtor might be discharged from the hospital before she recovered if she did not promise to pay. *Id.* at 788. The court held that threatening a debtor that is known to be in a vulnerable position may amount to outrageous conduct. *Id.* Similarly, in *Bowden*, a debt collector called a debtor's neighbor at 11 p.m. and claimed that the call was an emergency. 96

1 Cal. App. 2d at 794. The collector then demanded payment and threatened to take judicial
2 action. *Id.* The court held that the conduct was sufficient to state a claim of outrageous
3 conduct. *Id.*

4 Here, Plaintiffs allege that WFS acted outrageously by forging a contract, collecting
5 money under a fraudulent contract, refusing to accept payment on the contract, repossessing a
6 vehicle without the legal right to do so, selling that vehicle without notice, and instituting a
7 court proceeding to collect the remaining debt on the car. (Opp. to WFS & Western Br. at 7-8;
8 Compl. ¶ 27.) In addition, Dorothy Guillory asserts that Nelson & Kennard acted outrageously
9 when it filed a deficiency action against her knowing that it was based on an allegedly forged
10 contract. (Compl. ¶ 32.)

11 As a threshold matter, filing a complaint is subject to the litigation privilege and cannot
12 be the subject of a derivative tort action for intentional infliction of emotional distress. Cal.
13 Civ. Code § 47(2); *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). In addition, there are no
14 facts alleged to support the assertion that WFS engaged in atrocious behavior that went beyond
15 rudeness or insolence or that Plaintiffs were in a particularly vulnerable position. However,
16 because the Court cannot conclude that there are no facts on which Plaintiffs could state a
17 claim, the dismissal is without prejudice and Plaintiffs shall be given leave to amend this claim.
18 *See Conley*, 355 U.S. at 45-46 (complaint should not be dismissed unless it appears beyond a
19 doubt that no facts exist that could support a claim); *see also McGary v. City of Portland*, 386
20 F.3d 1259, 1261 (9th Cir. 2004) ("The Supreme Court has cautioned that, in reviewing the
21 sufficiency of the complaint, '[t]he issue is not whether a plaintiff will ultimately prevail but
22 whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear
23 on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.")
24 Therefore, the motion by WFS to dismiss the intentional infliction of emotional distress claim is
25 GRANTED with leave to amend. In addition, the motion by Nelson & Kennard to dismiss the
26 intentional infliction of emotional distress claim is also GRANTED with leave to amend to the
27 extent that Plaintiffs can allege any facts other than the act of filing a lawsuit.
28

7

**D.     Plaintiff Has Not Stated a Claim for Abuse of Process.**

Dorothy Guillory alleges that WFS and Nelson & Kennard abused the legal process by pursuing the collection of a debt on an allegedly forged contract and filing a deficiency action to coerce her to pay money that she did not owe. (Compl. ¶¶ 59-62.)

"The tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed. '[T]he essence of the tort [is] . . . misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice.'" *Brown v. Kennard*, 94 Cal. App. 4th 40, 44 (2001). An abuse of process claim requires that the defendant "(1) contemplated an ulterior motive in using the process; and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." *Id.* at 44; *see also Spellens v. Spellens*, 49 Cal. 2d 210, 229-31 (1957) (finding an abuse of process where a defendant in a marital dissolution proceeding filed a separate action regarding the property at issue in the dissolution proceeding, for the purpose of making things difficult for the plaintiff so that she would drop the original suit). "[T]he mere filing or maintenance of a lawsuit–even for an improper purpose–is not a proper basis for an abuse of process action." *Microsoft Corp. v. BEC Computer Co.*, 818 F. Supp. 1313, 1318 (C.D. Cal. 1992) (citations omitted). "[If] the [alleged] improper conduct . . . occurred while [defendant] was 'making claims' or 'bringing this lawsuit,' [plaintiff does] not state a claim against [defendant] for abuse of process." *Id.*

Here, the complaint does not allege facts sufficient to support the allegation that WFS or Nelson & Kennard filed the deficiency action for any purpose other than that for which it was designed, i.e. to collect a debt. *See Fed. Sav. & Loan Ins. v. Molinaro*. 923 F.2d 736, 742 (9th Cir. 1991) (holding that employing a procedure outlined in the law cannot alone amount to an abuse of process); *see also Spellens*, 49 Cal. 2d at 232 ("there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions") (citations omitted). Although Plaintiff claims that the deficiency action was filed for purposes of extortion or retaliation (Opp. to WFS & Western Br. at 8-9; Opp. to Nelson & Kennard Br. at 6-7), she does not allege any facts to support her conclusory allegations.

8

Moreover, the act of filing a complaint is a privileged communicative act under California Civil Code § 47(2). *See Brown*, 94 Cal. App. 4th at 48.

In sum, the facts alleged are insufficient to support the allegation that WFS or Nelson & Kennard filed the deficiency action for an unauthorized purpose and thus the motion to dismiss the abuse of process claim by Nelson & Kennard and that by WFS are both GRANTED without leave to amend.

### E.     Violation of Statute of Frauds.

Plaintiffs also assert that WFS violated the statute of frauds under California Civil Code § 1624 by refusing to reduce the renegotiated contract to writing. (Compl. ¶¶ 63-65.) Section 1624 provides that agreements that by their terms will not be performed within one year from the date of the agreement, "are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent." Cal. Civ. Code § 1624(a)(1). The statute does not provide a cause of action, rather, it provides a defense to enforcement. 1 Witkin Summary, Ch. I, § 345 ("The statute is a defense only."). Plaintiffs cite *Nicholson v. Barab*, 233 Cal. App. 3d 1671, 1683 (1991) to support the proposition that they may assert a claim for violation of statute of frauds. (Opp. to WFS & Western Br. at 9-10.) In *Nicholson*, plaintiffs sued to enforce a settlement agreement and the court held that the agreement was unenforceable under the statute of frauds. 233 Cal. App. 3d at 1679. The case stands for the proposition that a settlement agreement that violates the statute of frauds may be unenforceable. It does not stand for the proposition that a violation of the statute of frauds creates an independent cause of action. As such, WFS' motion to dismiss the statute of frauds claim is GRANTED without leave to amend.

### F.     Leave to Amend.

At oral argument, Plaintiffs requested leave to amend the complaint to include a claim under California Civil Code § 2981. Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court. In accordance with the Federal Rule's liberal pleading

9

standard, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, and futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 230 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).

Upon consideration of the oral motion, the Court finds that Plaintiffs' request for leave to amend satisfies the liberal standard of Rule 15(a). Plaintiffs shall file their First Amended Complaint within ten (10) days of the date of this Order. Defendants shall file responsive pleadings within twenty (20) days after service of the First Amended Complaint. Pursuant to Federal Rule of Civil Procedure 15(a) and Civil Local Rule 10-1, Plaintiffs' amended complaint will supersede the original complaint and must be a complete document that does not contradict nor incorporate any part of a prior pleading by reference.

**CONCLUSION**

For the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court holds as follows:

1. The motion to dismiss Felise Guillory from the FDCPA claim is GRANTED without leave to amend;

2. The motions to dismiss the intentional infliction of emotional distress claims against Nelson & Kennard and WFS are GRANTED with leave to amend;

3. The motions to dismiss the abuse of process claims against WFS and Nelson & Kennard are GRANTED without leave to amend;

4. The motion to dismiss the statute of frauds claim is GRANTED without leave to amend.

5. The motion to amend the complaint is GRANTED to add a cause of action under California Civil Code § 2981 *et seq.*

**IT IS SO ORDERED.**

Dated: March 21, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE