IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOROTHY GUILLORY and FELISE GUILLORY,

    Plaintiffs,

v.

WFS FINANCIAL, INC. et al,

    Defendants.
    /

No. C 06-06963 JSW

**ORDER RE: ABSTENTION DOCTRINE AND SETTING FURTHER CASE MANAGEMENT CONFERENCE**

Now before the Court is the briefing submitted by the parties on the issue whether the Court should dismiss this matter on the basis of abstention. The Court *sua sponte* required the parties to submit briefing on the issue and set this matter for hearing on May 25, 2007 at 9:00 a.m. Having considered the parties' pleadings, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court declines to exercise its discretion to dismiss the matter and VACATES the hearing set for May 25, 2007.

A district court must abstain from exercising its jurisdiction where there is a "federal constitutional issue that might be mooted or presented in a different posture by a state court determination of pertinent state law." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959). The district court must also abstain where it is presented with complex questions of state law bearing on unsettled policy. *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 33 (1959). Finally, abstention is mandatory where federal jurisdiction is invoked to restrain state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). None

of the three scenarios giving rise to mandatory abstention is present here. The Court is not required to abstain.

A district court has discretion under the doctrine of abstention to "decline to exercise or postpone the exercise of its jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

> The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.

*Id.* (citing *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). Abstention rests on "considerations of proper constitutional adjudication and regard for federal-state relations." *Colorado River*, 424 U.S. at 817.

Under the *Colorado River* doctrine, if federal and state courts have concurrent jurisdiction over a matter, the federal court may stay or dismiss its suit due to the presence of a concurrent state proceeding. *Id.* at 818. Courts weigh several factors when determining whether to stay or dismiss an action under *Colorado River*: (1) whether a court has assumed jurisdiction over a *res,* (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, and (4) the order in which jurisdiction was obtained by the concurrent forums. *Id.* at 818. In *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, the Supreme Court articulated two more considerations: (5) whether state or federal law provides the rule of decision on the merits, and (6) whether the state proceeding is adequate to protect the parties' rights. 460 U.S. 1, 23, 26 (1983). Dismissal under the *Colorado River* doctrine is warranted only under "exceptional" circumstances, and courts have uniformly acknowledged "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817-18 (citations omitted).

Applying the relevant discretionary factors, the Court agrees with the parties, and finds that there is no cause to exercise its discretion to abstain in this matter. The Court does, however, encourage the parties to seek removal and consolidation or dismissal of the related pending state court action.

2

In addition, the Court sets a further case management conference for June 1, 2007 at 1:30 p.m.. The parties' joint case management statement, with a complete discovery plan and all required proposed dates, is due to be filed by no later than May 25, 2007.

**IT IS SO ORDERED.**

Dated: May 17, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3