IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY GUILLORY and FELISE GUILLORY,<br><br>  Plaintiffs,<br><br>  v.<br><br>WFS FINANCIAL, INC. et al,<br><br>  Defendants._____/ | No. C 06-06963 JSW<br><br>**TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 13, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendant Nelson & Kennard ("N & K")'s motion to dismiss without leave to amend; **tentatively GRANTS IN PART AND DENIES IN PART** Action Auto Recovery ("Action Auto")'s motion to dismiss; and **tentatively GRANTS** WFS Financial, Inc. ("WFS")'s motion to dismiss with leave to amend.

The parties shall each have 25 minutes to address the following questions:

**Nelson & Kennard Motion to Dismiss**

1. Is there any factual support for the contention that N & K performed any act in the collection of the subject debt *beside* the filing of a pleading in a civil action? Do Plaintiffs maintain that N & K reported false and derogatory information concerning the repossession to credit reporting agencies? Where are those specific acts alleged to have been performed by N & K *only*, and the facts to support those allegations, found in the First Amended Complaint?

2. On what basis do Plaintiffs maintain that N & K was an assignee of WFS and therefore subject to the California Rees-Levering Act? *See* Cal. Civ. Code § 2983.5(a).

3. Do the parties have anything further they wish to address on this motion?

**Action Auto Recovery Motion to Dismiss**

1. How can the Court, at this procedural stage, find that as a matter of law, Action Auto did not take or threaten to take "any nonjudicial action to effect dispossession of disablement of property if ... there is no present right to possession of the property claimed as collateral through an enforceable security interest"? 15 U.S.C. § 1692f(6)(A). Because there has been no discovery, how can the Court find at this time that Action Auto does not fall within this limited exception to the general rule that repossession agencies do not fall within the definition of "debt collector" and are therefore usually exempt from the Fair Debt Collection Practices Act?

2. On what basis do Plaintiffs maintain that Action Auto was an assignee of WFS and therefore subject to the California Rees-Levering Act? *See* Cal. Civ. Code § 2983.5(a).

3. Do the parties have anything further they wish to address on this motion?

**WFS Financial, Inc.'s Motion to Dismiss**

1. WFS Financial contends and the First Amended Complaint alleges that the loan documents reflected the correct 10% interest rate. (Motion at 4, FAC at ¶ 9.) The only loan document before the Court is attached to WFS's state court filing and reflects the incorrect 14% rate. Is there a document memorializing the parties' agreement with the 10% rate, either initially or at the alleged novation? (The Court will consider the contract. *See Hal Roach Studios, Inc. v. Richmond & Feiner Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).)

2. The only contract before this Court indicates that the (allegedly mistaken) 14% interest rate was documented by the parties on August 23, 2002 and in her complaint, Dorothy Guillory indicates that she learned in December of 2003 that WFS was billing at a higher monthly rate than previously agreed upon. (Guillory Request Judicial Notice; FAC at ¶ 13.) Why is either delayed discovery or equitable tolling appropriate here to save Plaintiffs' Truth in Lending Act claim from the one-year statute of limitations?

3. Should the Court grant WFS's motion to dismiss the second claim for relief against them for violation of FDCPA with leave to amend to assert that the debt collection efforts were conducted under the name Wachovia Dealer Services? Would such an amendment place WFS under the purview of the Act?

4.  How do Plaintiffs intend to make out a claim for trespass to chattel where the subject property was dispossessed?

5.  Do the parties have anything further they wish to address on this motion?

**For All Parties**

Lastly, there is currently a court-sponsored mediation set for July 30, 2007 at 9:30 a.m. The Court is not inclined to issue a final ruling on these pending motions, until after completion of the mediation. What can the Court do to advance the parties towards amicable resolution of this dispute?

**IT IS SO ORDERED.**

Dated:   July 12, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California